COVINGTON, Judge.
*802 This suit arose out of an accident which happened on May 26, 1972, at one o’clock a. m., when the plaintiff, Billy D. Terry, ran into construction equipment belonging to the defendant, J. B. Talley and Company, Inc., which was doing construction work on Canal Boulevard Extension, a roadway in the City of Thibodaux, Parish of Lafourche, Louisiana. The liability insurer of the defendant Talley was Employers Commercial Union Insurance Company. The plaintiff alleged that Talley was negligent in failing to put up caution signs, in leaving its parked equipment unlighted and unguarded on the roadway at night, and in failing to protect the public against the hazard of equipment left in this condition on the travel portion of the roadway. As a result of the accident, the plaintiff allegedly sustained serious bodily injuries. After trial, the court dismissed his suit at his costs. We affirm.
Appellant essentially contends that the trial court erred in not finding Talley negligent. The judge, in his written reasons for judgment, stated:
“Plaintiff, Billy D. Terry, was injured when the automobile which he was driving collided with a truck owned by the defendant, J. B. Talley & Company, Inc., and parked on the southbound lane of a four-lane extension of Canal Boulevard located immediately north of Thibodaux. “The accident with which we are concerned occurred at approximately 1:00 A.M. on the morning of May 26, 1972. “As a result of the accident, plaintiff suffered extensive injuries about the face and head.
“The Court will first consider whether J. B. Talley & Company, Inc., general contractor, was guilty of any negligence proximately causing the accident. This determination cannot be made without first determining what duty, if any, was owed to the plaintiff.
“The evidence is clear and uncontrovert-ed that J. B. Talley and Company, Inc. maintained signs, markers, barricades and lights at both the north or Chackbay end and the south or Thibodaux end of the project. Signs extended north on Highway 20 towards Chackbay warning drivers approaching from that direction of ‘construction ahead’, ‘road closed’ and ‘detour’.
“It is also clear, according to Malcolm Sayas, the project engineer, that all signs, warnings and barricades were in compliance with State law. There had been no suggestion to the contrary by the plaintiff and no allegations of lack of compliance in any respect.
“It is also uncontroverted that daily inspections were made of the entire project, including these warning signs and barricades. Major Mathews inspected the barricades at the end of each day and on occasions at night, after hours. Malcolm Sayas also made regular inspections and checked the entire project twice daily in the morning and in the evening. Avery Fonseca confirmed that night inspections had been made.
“It is admitted that from time to time unauthorized persons used the roads and vandalized barricades. The evidence shows that as soon as this information was brought to the attention of the defendant, that the situation was remedied. Although there is some evidence to the effect that the road had been used by unauthorized persons, most of this evidence relates to the use of this highway during the daylight hours while the contractor was using the completed portion of the highway for traffic purposes. There is testimony by Mr. Fonseca that on the night previous to the accident he had checked the north entrance to the access road and that barricades were stretched across both the north and southbound lanes of Canal Boulevard extension.
“Although it is possible that the barricades stretched across the southbound lane of the Canal Boulevard extension had been destroyed by someone other than the plaintiff on the night of the accident, the Court cannot justifiably hold the defendant responsible for not having replaced these barricades between *803 the time it was destroyed and the time of the accident.
“The Court finds that the defendant had discharged all of its duties towards plaintiff by placing adequate warnings to the public to keep off the road and had further contacted news media and State Police for assistance in trying to keep unauthorized people from travelling on the closed portions of the highway.
“It is also important to note that the evidence with reference to the use of the Canal Boulevard extension was limited to daytime use and there is no evidence in the record that the defendant had any knowledge that it was being used during the night-time.
“The record established beyond any doubt the negligence of the plaintiff, Billy Talley (sic). He had proceeded north on La. Hwy. 20, which parallels the Canal Boulevard extension, earlier that evening and then noticed that the Canal Boulevard extensión was under construction. On his return to Thibodaux from Chackbay it was necessary for the plaintiff, Billy D. Terry, to go by signs on La. 20 which indicated to him that the Canal Boulevard extension was closed and for him not to enter. There was further evidence in the record that Talley (sic) had been drinking on the night of the accident and was driving his car on a rainy highway at an excessive rate of speed under the circumstances. There is also evidence in the record that if Terry had been attentive, he could have avoided the accident. Under the law, Terry is charged with seeing that which he could have seen if he had been attentive. There is an abundance of evidence in the record that the accident scene was lighted and that the equipment that was parked in the roadway was easily visible to one approaching Thibodaux from the Chackbay area if he were attentive.
“Since the Court has found that the defendant had not violated any of its duties to the plaintiff and further found that if it had, that plaintiffs contributory negligence would bar his recovery, judgment will be rendered in favor of the defendant, the plaintiff to be taxed with all costs.”
After a careful review of the record and a study of the applicable law, we are of the opinion that the trial judge in his written reasons for judgment has accurately stated the facts and the legal conclusions to be drawn therefrom. We find no manifest error. The facts found by the trial court are reasonably supported by the credible evidence in the record. See Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.